**Brett BARI, Plaintiff–Appellant,**

v.

**CONTINENTAL CASUALTY COMPA-NY, also known as CNA, Citibank, N.A., and Citibank, N.A. Long Term Disability Plan. Defendants–Appellees.**

**Docket No. 04–3290.**

United States Court of Appeals, Second Circuit.

July 26, 2005.

Christopher P. Foley, McCormick Dunne & Foley, New York, NY, for Appellant.

Barry J. Glickman, Zeichner, Ellman & Krause LLP, New York, NY, for Appellees.

PRESENT: JACOBS, B.D. PARKER, Circuit Judges, and HURD,* District Judge.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff–Appellant Bret Bari appeals from a judgment of the United States District Court for the Southern District of New York (Motley, *J.*), dismissing his complaint, which alleged that Continental Casualty Company ("Continental") wrongfully terminated his long-term disability benefits in violation of the Employee Retirement Income Security Act ("ERISA").

---

* The Honorable David N. Hurd, United States District Judge for the Northern District of New York, sitting by designation.

We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

We review Continental's termination of Bari's benefits under an arbitrary and capricious standard. Under this standard of review, this Court "may overturn a decision to deny benefits only if it was 'without reason, unsupported by substantial evidence or erroneous as a matter of law.'" *Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 442 (2d Cir.1995) (WF, *TJM, JMcL*) (quoting *Abnathya v. Hoffmann–La Roche, Inc.*, 2 F.3d 40, 45 (3d Cir.1993)).

The plain language of the long-term disability plan (the "Plan") indicates that in order to collect benefits the claimant may be required to submit to a medical examination by a physician selected by the Claims Administrator. The Plan also makes plain that failure to submit to such an examination will result in the denial of the claim or termination of benefits. As the district court found, in light of (i) those Plan provisions, (ii) Continental's continued efforts to keep Bari apprised of his claims situation in writing, and (iii) Bari's failure to substantiate his refusal to attend the required examination, Continental's actions were neither arbitrary nor capricious.

Bari claims that even if his failure to attend was without reasonable justification, Continental's only recourse was to suspend his benefits, not cancel them. Continental argues that the plain language of the Plan did not limit its authority to terminate benefits. These arguments concern the following Plan language:

> The Claims Administrator/ Fiduciary may require any Participant who is claiming or receiving Long–Term Disability Income to undergo a medical examination by a physician or physicians designated by the Claims Administrator/ Fiduciary. Should any such Participant refuse to submit to such a medical examination, the Participant's claims shall be denied or Long–Term Disability Income shall be discontinued until the Participant's withdrawal of such refusal. Should such refusal continue for 12 months, all rights in and to Long–Term Disability Income shall cease.

Based on this language, if "any such Participant"—i.e., "one who is claiming *or* receiving" benefits—"refuse[s] to submit" to a required medical exam, the "claims shall be denied *or* [benefits] shall be discontinued" (emphasis added). We see no limitation in this wording that prevented Continental from terminating Bari's benefits. We further conclude that its decision to terminate benefits was neither arbitrary nor capricious.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED**.